UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    vs.<br><br>GUSTAVO CERVANTES-CHAVEZ,<br><br>                Defendant. | No. 2:14-CR-068-JLQ<br><br>MEMORANDUM OPINION AND<br>ORDER RE: SENTENCING |

A sentencing hearing was held on August 8, 2014. Defendant was present, in custody, and represented by Assistant Federal Defender John McEntire, IV. Assistant United States Attorney Pamela Byerly appeared on behalf of the Government. The court heard from counsel and the Defendant. The Judgment has not yet been entered by the court. This Memorandum Opinion memorializes and supplements the court's oral rulings.

**I. Introduction/Procedural History**

Defendant was indicted by the grand jury and charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326 on April 15, 2014. On June 6, 2014, the Defendant entered a plea to the Indictment. There was no Plea Agreement. Defendant filed a Motion for Downward Departure (ECF No. 25) and Sentencing Memorandum, and the Government responded to both. The Government asked for a sentence within the Guidelines. Defendant asked for a sentence of twelve months.

ORDER - 1

## II. Guidelines

The Presentence Investigation Report ("PSR") calculated an adjusted offense level of 21. This included a 16-level enhancement because Defendant was deported after a conviction for a violent felony–forcible rape. The rape occurred in 1988. The Defendant was convicted and sentenced in 1989. The PSR calculated total criminal history points which placed Defendant in Category IV. The parties are in agreement that this is the correct Guidelines calculation. The court found Defendant was an offense level 21, criminal history IV, with a Guidelines range of 57 to 71 months.

## III. Departure/Variance

Defendant argues in his Motion for Downward Departure that his criminal history category substantially over-represents the seriousness of his criminal history. Defendant's rape conviction from 1989 and assault conviction from 1991 scored a total of 6 criminal history points because he was still incarcerated on those charges within 15 years of the instant offense conduct. These 6 points change Defendant's criminal history from category I to category IV.

Defendant's sentencing memo asks for a variance under § 3553(a) and argues that the Guideline's calculation results in double punishment for the same offense. Defendant argues that he has already served nearly 20 years on the 1989 rape and 1991 assault convictions. Yet, under the Guidelines, these 20 year old offenses result in a 16-level increase in the offense level and three level increase in the criminal history category.

Defendant's 1989 rape conviction, and the underlying offense conduct, as described in the PSR is very serious. However, Defendant was only 18 years old at the time of the offense, and spent the next 17 years in prison–for the rape conviction and 1991 prison assault sentence which ran consecutively. After being released from prison in 2006, he was deported. There is some merit in the Defendant's argument that the impact on his Guideline's calculation of the two convictions, that are more than 20 years old, is disproportionate.

ORDER - 2

The court may depart downward pursuant to USSG § 4A1.3, if it finds that "reliable information indicates that the defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes...". The court must also apply the 18 U.S.C. § 3553(a) factors and impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of the statute. The court has considered all the 3553(a) factors, including the nature and circumstances of this offense, and the history and characteristics of the Defendant. The court has considered the seriousness of the instant offense, and the need for adequate deterrence and to protect the public.

The court has determined that a reasonable sentence for this immigration offense that is sufficient, but not greater than necessary, is 18-months. The Defendant will be deported upon completion of this sentence. The court finds this variance appropriate under the § 3553(a) factors. Whether the decrease below the Guidelines range is considered a departure or variance is not of great consequence. As the Ninth Circuit has stated: "We treat the scheme of downward and upward departures as essentially replaced by the requirement that judges impose a reasonable sentence." *U.S. v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012); <u>see also</u> *U.S. v. Evans-Martinez*, 611 F.3d 635, 643 (9th Cir. 2010).

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 12th day of August, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3